UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHAZ GULLEY,<br>　　Plaintiff, | CASE NO. 3:16-cv-425 (MPS) |
| v. | |
| COMMISSIONER SEMPLE, et al.,<br>　　Defendants. | OCTOBER 19, 2016 |

**RULING AND ORDER**

　　Plaintiff Chaz Gulley filed this action asserting a claim for use of excessive force in connection with a cell extraction, use of chemical agents and confinement in black box and four-point restraints in November and December 2015.  He also includes claims for supervisory liability or deliberate indifferent to safety against supervisory defendants.  The plaintiff now has filed a motion for temporary restraining order.  For the reasons that follow, the plaintiff's motion is denied.

　　In his motion, the plaintiff alleges that, on August 16, 2016, an unidentified counselor denied him a scheduled legal call because the facility was on lockdown status.  The plaintiff argued with the counselor and threw a cosmetic item against the wall of his cell.  In response, the plaintiff was sent to restrictive housing and issued a disciplinary report for interfering with safety and security.  The plaintiff considers this action retaliatory because the incident was minor in his view and occurred entirely within his cell.  The plaintiff also alleges that Social Worker Lee told him that custody staff does not want him to speak with Dr. Coursen who had advocated on his

behalf in the past.

"A prisoner's transfer to a different correctional facility generally moots his request for injunctive relief against employees of the transferor facility." *Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002); *see also Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (affirming dismissal in federal habeas petition of inmate's claim regarding conditions of confinement because inmate had been transferred to different facility).

The plaintiff mailed this motion to the court on August 24, 2016.  Two days later, he emailed a change of address notice to the Court.  As the plaintiff now is confined at MacDougall-Walker Correctional Institution, the motion for temporary restraining order regarding his treatment at Corrigan-Radgowski Correctional Institution is denied as moot.

In addition, even if the plaintiff still was confined at Corrigan-Radgowski Correctional Institution, his motion would be denied.  Any injury sought to be addressed in a motion for preliminary injunctive relief must relate to the conduct giving rise to the complaint.  *See Toliver v. Fischer*, No. 9:12-CV-77(MAD/ATB), 2015 WL 403133, at *9 (N.D.N.Y. Jan. 29, 2015); *Randolph v. Griffin*, No. 12-CV-745S, 2014 WL 3548967, at *8 (W.D.N.Y. July 17, 2014) ("moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint"); *see also Stewart v. Immigration & Naturalization Serv.*, 762 F.2d 193, 199 (2d Cir. 1985) (reversing district court decision granting motion for preliminary injunctive relief where motion presented issues "entirely different from those which were alleged in his original complaint" and plaintiff had neither sought leave to amend complaint nor filed new complaint to address those issues).

In his motion, the plaintiff describes his recent treatment at Corrigan-Radgowski

Correctional Institution and merely seeks a temporary restraining order. He does not specify the relief he seeks. The Court assumes that the plaintiff seeks an order that the defendants not retaliate against him for filing this action. The plaintiff's treatment that is the subject of his motion is unrelated to the incident that is the subject of this action. Thus, a temporary restraining order is not warranted.

The plaintiff's motion for temporary restraining order [**Doc. #21**] is **DENIED**.

**SO ORDERED** this 19th day of October 2016 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge