UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHAZ GULLEY, | : | |
|     Plaintiff, | : | CASE NO. 3:16-cv-425 (MPS) |
| | : | |
| v. | : | |
| | : | |
| SEMPLE, et al., | : | |
|     Defendants. | : | MARCH 16, 2017 |
| | : | |

**RULING ON MOTIONS TO COMPEL AND FOR SANCTIONS [ECF Nos. 37, 43, 46]
AND MOTION TO SEAL [ECF No. 42]**

      The plaintiff has filed a motion to compel and two motions seeking sanctions relating to discovery in this case and the defendants seek leave to file some of the exhibits to their motion for summary judgment under seal.

I.    <u>Motion to Compel [ECF No. 37]</u>

      In the motion to compel, the plaintiff first states that in response to his interrogatory addressed to DHO Richardson, the defendants provided a statement from DHO Jaime Richardson. The individual who submitted a waiver form in this case and presided at the plaintiff's disciplinary hearing, however, is DHO Bruce Richardson. The plaintiff states that he informed defendants' counsel of this mistake on November 24, 2016. In response to the motion to compel, defendants' counsel represents that the interrogatory response from Bruce Richardson would be provided by February 7, 2017. In light of this response, the motion to compel the response is denied as moot regarding the interrogatory.

      The plaintiff also states in the motion to compel that, on December 2, 2016, he viewed

requested video footage but not footage recording the plaintiff throwing his bag meal toward Lieutenant Conger. This action resulted in the plaintiff receiving a disciplinary charge for attempted assault. The plaintiff states that this additional footage is important for his claim that Lieutenant Conger spit in his sandwich. He noted that in response to an interrogatory asking why he personally served the plaintiff a meal with bologna sandwiches which was different from the meal served to all other inmates, defendant Conger denied ever serving the plaintiff a meal. The plaintiff contends that the defendants acted improperly in failing to retain the footage.

In response, the defendants state that the plaintiff failed to allege in his complaint that defendant Conger spit in his sandwich. They also argue that the Court should deny plaintiff's attempt to compel production of the video footage from December 11, 2015. They assert that, although familiar with procedures regarding preservation of video footage, the plaintiff never requested that the December 11, 2015 footage be preserved, and that the DOC's practice is to record over video at fixed intervals absent a timely preservation request. The footage cannot now be produced. As the footage no longer exists, the motion to compel its production is denied.

II.     Motion for Sanctions [ECF No. 43]

In response to the defendants' objection to his motion to compel, the plaintiff filed a motion for sanctions. He contends that the defendants' actions have denied him adequate discovery in this case.

Rule 37 allows the court to impose a variety of sanctions for discovery-related abuses and affords the court "broad discretion in fashioning an appropriate sanction." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002); *see also Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) ("Provided that there is a clearly articulated

order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order."). Sanctions include orders deeming certain facts established or precluding the introduction of certain evidence, dismissing a claim and entering an order of contempt. *Valentini v. Citicorp, Inc.*, No. 11 Civ. 1355(MF), 2013 WL 4407065, at *2 (S.D.N.Y. Aug. 16, 2013).

When deciding on the appropriate sanction, the court considers "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of … noncompliance." *Id.* at *4 (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (internal quotation marks omitted). The court also considers whether the moving party has been prejudiced by the non-compliance. *Id.*

In response to the defendants' statement that the plaintiff failed to assert a claim that defendant Conger spit into his sandwich in the complaint, the plaintiff submits a copy of paragraph 30 of the complaint. In that paragraph, the plaintiff alleges only that defendant Conger told the plaintiff that he had spit in the sandwich. This paragraph is included in Court One of the complaint, entitled Unreasonable Force. In his second count, the plaintiff refers to the prior count as relating to "assaultive excessive force incidents." Compl., ECF No. 1, ¶ 38. The plaintiff does not assert a claim that he was subjected to unconstitutional conditions of confinement. The Court concludes that, although the statement is included in the complaint, it is there merely as background describing the incident that led to the application of restraints. Thus, the defendants' statement that the plaintiff failed to assert a separate claim that defendant Conger spit in his sandwich is accurate.

3

The plaintiff also contends that he requested preservation of the video footage. As support, he attaches a copy of the notice he signed on December 2, 2016, after viewing the other recordings. Next to his name, the plaintiff requested the additional footage. This request, a year after the incident, was too late. The plaintiff also attaches correspondence from Deputy Warden Martin, dated November 2, 2015, stating that footage of the restrictive housing unit on October 2, 2015, could not be preserved due to time constraints. The defendants note that this letter is irrelevant. The footage the plaintiff seeks is from December 11, 2015, not October 2, 2015. The plaintiff presents no evidence that he made a timely preservation request with respect to any footage from December 11, 2015, and the tape no longer existed when the plaintiff requested production of the footage in July 2016. Thus, the Court will not sanction the defendants for failing to produce the video footage.

III.     Motions for Additional Sanctions [ECF No. 46] and Motion to Seal [ECF No. 42]

In conjunction with their motion for summary judgment, the defendants have filed a motion to seal the video footage exhibits. They state that the plaintiff has had an opportunity to view all of the footage. The plaintiff asks the Court to deny the motion until he can view all recordings that he claims the defendants are intentionally withholding. The plaintiff has articulated no basis for his allegations that the recordings are other than what the defendants represent them to be. The plaintiff's motion for sanctions is denied.

In their motion, the defendants state that disclosure of the recordings to the public would reveal security procedures and the interior design of the correctional facility. The Court agrees that disclosure of this information to the public could endanger institutional safety and security. Accordingly, the defendants' motion to seal is granted.

IV.	Conclusion

The plaintiff's motions [**ECF Nos. 37, 43, 46**] are **DENIED**.  The defendants' motion to seal [**ECF No. 42**] is **GRANTED**.

**SO ORDERED** this 16th day of March 2017 at Hartford, Connecticut.

                                                                    _____
                                                                    Michael P. Shea
                                                                    United States District Judge